GARDEN, JUDGE:
Because of the age of the claimant, this claim was filed by Charles S. Ward as guardian of Charles F. Ward, seeking $125,000.00 for damages sustained while assigned to the Anthony Forestry Center in Neola, West Virginia. For the purposes of this opinion, the ward, Charles F. Ward, will be referred to as “claimant.”
The claimant and two others, Ronald Deitz and John Preston, had been found guilty of breaking and entering in Ka-nawha County, West Virginia. His two companions thought *369 that the claimant had cooperated with the police, and, because of this, the presiding judge, in passing sentence, recommended that they be placed in separate facilities. Claimant and Preston were sent to the Leckie Center at Leckie, West Virginia, where claimant was harassed as a “snitch.” Claimant, fearing for his safety, wrote his probation officer, which resulted in his transfer to the Anthony Center, where Ronald Deitz was confined. Ronald Deitz told other inmates that claimant was a “snitch.” On February 16, 1977, claimant, Jeff Webb, and Darrell King were assigned to work in the cafeteria at the center. They left the cafeteria to empty the garbage. Claimant’s companions pushed him about, threw him down, and called him a “snitch.” His hand was severely cut when he fell. The boys are not supposed to leave the cafeteria without permission, and when they do leave, they are supposed to be watched by center personnel.
At the time of the accident, claimant, to avoid further harassment, told the cook at the cafeteria and others that he slipped on the ice and cut his hand.
The Court is not unmindful of the serious nature of claimant’s injury. Dr. Jacques Charbonniez, an expert in plastic surgery and surgery of the hand, testified eloquently concerning the surgery claimant has already undergone, and will require in the future, as well as the extent of his disability. In order for the Court to make an award in this case, however, it must be shown by a preponderance of the evidence that the respondent was guilty of negligence which proximately caused claimant’s injury. He testified that he had never informed any staff member at the Anthony Center of his concerns for his safety. It is well recognized that there can be no liability for injuries inflicted by one inmate upon another without knowledge of some unusual danger, or reason to anticipate such danger. 41 ALR 3d 1021. The evidence presented indicates that claimant was provided with the usual amount of security; Anthony Center officials had no reason to do otherwise. The Court must therefore deny the claim.
Claim disallowed.